**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY JO LYNN HEMENWAY, | No. 09-35245 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05634-RBL |
| v. | |
| STATE OF WASHINGTON and JEFF UTTECHT, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 21, 2010 [**]

Before:   B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Washington state prisoner Billy Jo Lynn Hemenway appeals from the

district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We

have jurisdiction under 28 U.S.C. § 2253(a), and we vacate and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hemenway contends that he was entitled to equitable tolling of the statute of limitations due to his dyslexia and illiteracy and contends that he was improperly denied an evidentiary hearing.

Hemenway's conviction of first degree rape became final on September 9, 2004. More than three years elapsed between that denial and the filing of his federal petition, on November 15, 2007. During that time, working both on his own and with assistance from fellow inmates, Hemenway filed two separate state petitions for post-conviction relief. Excluding all of the time during which those state petitions were pending, *see* 28 U.S.C. § 2244(d)(2), Hemenway's federal petition was filed almost six months beyond AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The Supreme Court has recently confirmed that equitable tolling of AEDPA's limitations period is available where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, No. 09-5327, 2010 WL 2346549, *12 (June 14, 2010) (internal quotations omitted). A litigant seeking equitable tolling of AEDPA's statute of limitations bears the burden of establishing his entitlement to such tolling. *Mendoza,* 449 F.3d 1065, 1068 (9th Cir. 2006).

We cannot meaningfully review whether the circumstances warrant equitable tolling on the present record. In view of the serious deprivation of rights at stake in denying a forum for a federal constitutional claim, further development of the record is necessary to decide the applicability of the AEDPA statute of limitations. Accordingly, we vacate and remand for an evidentiary hearing on Hemenway's equitable tolling claim.

**VACATED and REMANDED.**